**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**RONNIE BURTON** and **DESTINY WILLIAMSON,** *Individually, and on behalf of themselves and all other similarly situated current and former employees,*

Plaintiffs,

v.

**CASE NO. ______________**

**RESTAURANT BRANDS INTERNATIONAL US SERVICES, LLC, D/B/A POPEYES LOUISIANA KITCHENS**

Defendant.

**FLSA Multi-Plaintiff Action**
**RULE 23 Class Action**
**JURY DEMANDED**

---

**ORIGINAL FLSA MULTI-PLAINTIFF AND CLASS ACTION COMPLAINT**

---

Named Plaintiffs, Ronnie Burton and Destiny Williamson ("Plaintiffs"), individually, and on behalf of themselves and other similarly situated current and former hourly-paid employees, bring this Fair Labor Standards Act ("FLSA") multi-plaintiff action and Rule 23 class action against Restaurants Brands International US Services, LLC, doing business as Popeyes Louisiana Kitchens ("Defendant") and state as follows:

## I. NATURE OF SUIT

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover the applicable FLSA minimum wage and overtime compensation rates of pay owed to Plaintiffs and other similarly situated hourly-paid employees who are members of an FLSA multi-plaintiff action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit also is brought as a Fed. R. P. 23 class action, alleging breach of contract, unjust enrichment, and quantum meruit claims under Tennessee common law.

## II. JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This action is brought to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

4. This court has jurisdiction over Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C. § 1367 because the claims are so related to those of this action within the Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed work for Defendant in this district during all times material herein. In addition, Defendant has conducted business in this district during all times material.

## III. PARTIES

6. Plaintiff, Ronnie Burton, is an adult citizen of the United States and worked as an hourly-paid employee of during all times relevant to this action. Plaintiff Burton's "Consent to Join" is attached as *Exhibit A.*

7. Plaintiff, Destiny Williamson, is an adult citizen of the United States and worked as an hourly-paid employee of during all times relevant to this action. Plaintiff Williamson's "Consent to Join" is attached as *Exhibit B.*

8. Defendant, Restaurants Brands International US Services, LLC, doing business as

Popeyes Louisiana Kitchens, is a Florida limited liability company with its principal offices located at 5707 Blue Lagoon Drive, Miami, Florida 33126.

9. Defendant's registered agent for service of process is C.T. Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## IV. COVERAGE

10. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d) of the FLSA during all times material to this action.

11. During all times material, Defendant has earned more than $500,000.00 per year in gross sales.

12. Defendant has employed two or more employees who handled goods, materials, and supplies that travelled in interstate commerce during all times material.

13. In addition, Plaintiffs and those similarly situated have also engaged in interstate commerce on behalf of Defendant during all times material.

14. Thus, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## V. FACTUAL ALLEGATIONS

15. Defendant owns, operates, and manages Popeyes Louisiana Kitchens' restaurants in Tennessee and in other U.S. states. (In addition, Defendant franchises Popeyes Louisiana Kitchens' restaurants across the United States.)

16. Plaintiffs worked for Defendant at one of its Popeyes Louisiana Kitchens restaurants in Memphis, Tennessee.

17. Defendant has a time keeping system in which to record the compensable work hours of Plaintiffs and those similarly situated during all times material to this action.

18. Plaintiffs and those similarly situated performed work for Defendant more than 40 hours per week within weekly pay periods during all times material to this Complaint.

19. However, Defendant has had a common policy and practice of failing to pay Plaintiffs and those similarly situated the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods during all times material herein.

20. Defendant either failed to record all the compensable work hours of Plaintiffs and those similarly situated into its time keeping system or changed, reduced, and "edited-out" some of their compensable work hours from its time keeping system within weekly pay periods during all times relevant herein.

21. More specifically, Defendant had a common policy and practice of requiring Plaintiffs and similarly situated hourly-paid employees to attend work-related meetings without paying them the FLSA minimum wage and overtime compensation rates of pay for such meetings times within weekly pay periods during all times material to this action.

22. Plaintiffs and similarly situated hourly-paid employees attended such work-related meetings within weekly pay periods without being paid the applicable FLSA minimum wage and overtime compensation rates of pay for such attendance during all times relevant to this lawsuit.

23. In addition, Defendant had a common policy and practice of requiring Plaintiffs and those similarly situated to remain on its Popeyes restaurants' premises and perform cleaning and other work-related duties after the closing hours of such restaurants without compensating them for all their "after-closing" hours at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times pertinent to

this Complaint.

24. Plaintiffs and those similarly situated performed cleaning and other work-related duties after the closing hours of Defendant's popeyes restaurants but were not compensated for such hours at the applicable FLSA minimum wage and overtime rates of pay within weekly pay periods during all times material herein.

25. On information and belief, Defendant changed, reduced and "edited-out" some of the "after-closing" compensable time of Plaintiffs and those similarly situated as well as failed to compensate them for their work-related meetings times in order to remain within or below its "labor cost budget" for each of its owned, operated and managed Popeyes restaurants, during all times pertinent herein.

26. Defendant knew, and was aware at all relevant times, it was not compensating Plaintiffs and those similarly situated for all their work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly pay periods.

27. Defendant failed to maintain accurate and timely pay records related to Plaintiffs and those similarly situated during all times material.

28. The unpaid wages of Plaintiffs and those similarly situated are unified by common theories of Defendant's FLSA violations herein.

29. Thus, Defendant is liable to Plaintiffs and those similarly situated for all wages (including overtime wages) earned in weekly pay periods for which they were not paid during all times material herein.

30. Defendant willfully and, with reckless disregard to established FLSA compensation requirements, failed to pay Plaintiffs and those similarly situated the applicable FLSA minimum (straight) wage and overtime compensation rates of pay owed them within

weekly pay periods during all times relevant herein.

31. Defendant does not have a good faith basis for its violations of the FLSA.

32. Moreover, Defendant promised Plaintiffs and other Rule 23 class members a specific hourly rate of pay for all hours performed for it within weekly pay periods during all time material herein.

33. Plaintiffs and other Rule 23 class members accepted Defendant's offer by performing all hours of work required by Defendant.

34. However, Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members and enriched itself by failing to pay them the promised wages during all times relevant herein.

35. Defendant therefore is liable to Plaintiffs and Rule 23 class members the promised hourly rates of pay for which they were not paid within weekly pay periods during all times material herein.

## VI. RULE 23 CLASS ACTION ALLEGATIONS

36. Plaintiffs bring this cause as a Fed. R. Civ. P. 23 class action on behalf of themselves and other Rule 23 class members to recover promised wages, as previously described.

37. Specifically, Plaintiffs bring this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of themselves and the following Rule 23 class members:

> All hourly-paid employees who performed work for Defendant in the State of Tennessee during the past six years preceding the filing of this Original Complaint, and who were not paid all the hourly wages as promised and owed them by Defendant. (The "Rule 23 class").

38. As previously described, Defendant promised Plaintiffs and Rule 23 class members specific hourly rates of pay for all their work time within weekly pay periods during all

time material.

39. However, Defendant failed to pay Plaintiffs and other Rule 23 class members the promised wages for all their work time, as previously addressed.

40. By such failure, Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members.

41. Moreover, Defendant unjustly enriched itself by its failure to pay Plaintiffs and other Rule 23 class members their promised wages.

42. Defendant also received value for the work time Plaintiffs and other Rule 23 class members spent on behalf of Defendant without compensating them for such work services - in contravention of Tennessee's common law of quantum meruit.

43. The precise number of Rule 23 class members is not known as of this time. However, the exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

44. Questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

(a) Whether Defendant breached its contractual obligations to Plaintiffs and other Rule 23 class members by its failure to pay them promised wages within weekly pay periods during all times material herein.

(b) Whether Defendant unjustly enriched itself by failing to pay Plaintiffs and other Rule 23 class members the wages it promised them.

(c) Whether Defendant received valuable services for the work time spent by Plaintiffs and other Rule 23 class members without compensating them for the value of such

work services.

(d) The nature and extent of the Rule 23 class-wide injury and the appropriate measure of damages for Plaintiffs and the Rule 23 class members for such injury.

45. Plaintiffs' claims are typical of Rule 23 class claims, as alleged herein.

46. Plaintiffs' claims and those of the members of the Rule 23 class arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

47. The identity of the Rule 23 class members is readily ascertainable. For notices and other purposes related to this action their names and addresses are readily available from Defendant.

48. Plaintiffs are adequate class representatives.

49. Plaintiffs' unpaid wage claims are typical of those that could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 class in separate actions.

50. Plaintiffs and Rule 23 class members are/were subject to the same unlawful practices of Defendant in its failure to pay them all their promised wages.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of the Rule 23 class claims herein, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

52. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions require.

53. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings.

54. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

55. As a result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

56. Plaintiffs have engaged the law firm of Jackson, Shields, Holt, Owen & Bryant to pursue the unpaid wage claims of themselves and other Rule 23 members. (The Jackson, Shields, Holt, Owen & Bryant law firm focuses its practice on wage and hour claims under the FLSA and state laws.)

57. The law firm has represented numerous other employees asserting unpaid wage claims.

58. While the exact number of Rule 23 class members are unknown at this time and can be accessible via discovery, Plaintiffs belief there are sufficient numbers of such individuals to satisfy the numerosity requirements of this Rule 23 class action.

59. Plaintiffs and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage practices implemented and administered by Defendant.

## VII. MULTI-PLAINTIFF ACTION ALLEGATIONS

60. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

61. Plaintiffs seek to send notice to the following similarly situated current and former hourly-

paid employees of Defendant, to wit:

> All full time hourly-paid employees who worked for Defendant at its company-owned Popeyes Louisiana Kitchens' restaurants anywhere in Tennessee at any time during the applicable statutory period covered by this Multi-Plaintiff Action Complaint (i.e. two years for FLSA violations, and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b) (collectively, "potential plaintiffs").

62. The claims under the FLSA may be pursued by those who elect to join this action under 29 U.S.C. § 216(b).

63. The claims of Plaintiffs are typical of the claims of potential plaintiffs to this action.

64. Plaintiffs and potential plaintiffs to this action are similarly situated in that they were subjected to Defendant's unlawful common policy and practice of failing to pay them for all their compensable hours of work at the applicable FLSA minimum (straight time) wage and overtime compensation rates of pay within weekly pay periods during all times material to this lawsuit, as previously described.

65. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum (straight time) wages and overtime compensation owed them as a result of Defendant's unlawful practices, as previously described.

66. In addition, Plaintiffs and potential plaintiffs to this action are similarly situated in that their unpaid wage claims are unified through common theories of Defendant's FLSA violations.

67. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs to this action as their interests are aligned with the interest of each such potential plaintiff.

68. Plaintiffs have no interests adverse to the interest of potential plaintiffs to this action.

69. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff action litigation.

70. The multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual plaintiffs in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for plaintiffs to individually seek redress for the wrongs done to them.

71. Plaintiffs and potential plaintiffs to this action have suffered and will continue to suffer irreparable damage from the unlawful pay policies and practices implemented and administered by Defendant.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**

72. Plaintiffs incorporate by reference all preceding paragraphs as fully as if rewritten herein.

73. Plaintiffs and potential plaintiffs are similarly situated because they have been similarly deprived of the minimum wages and overtime compensation owed them as a result of Defendant's unlawful practices, as previously described.

74. Defendant's failure to pay Plaintiffs and potential plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

75. Defendant's common policy and practice of willfully failing to pay Plaintiffs and potential plaintiffs at the applicable FLSA minimum wage and overtime compensation rates of pay for all hours worked within weekly pay periods has resulted in their unpaid wage claims being unified through common theories of Defendant's FLSA violations.

76. Defendant had actual knowledge of its failure to pay Plaintiffs and potential plaintiffs all the applicable FLSA minimum wages and overtime compensation for work-related meetings time and "after-closing" cleaning and work-related time, as previously described.

77. Defendant's conduct, as described herein, was willful with reckless disregard to clearly established FLSA compensation requirements.

78. Defendant's violations were without a good faith basis.

79. Plaintiffs and potential plaintiffs are therefore entitled, and hereby seek, to recover compensation from Defendant: unpaid minimum wages and overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## RULE 23 CLASS ACTION – BREACH OF CONTRACT

80. Plaintiffs incorporate by reference all the preceding paragraphs as if fully rewritten herein.

81. Plaintiffs assert a breach of contract claim under Tennessee common law because Defendant entered in to valid and enforceable unilateral wage contract with Plaintiffs and other Rule 23 class members by promising them a specific hourly rate of pay for all hours worked, as previously described.

82. Defendant breached such unilateral contracts with Plaintiffs and other Rule 23 class members by failing to pay them their promised wages, as previously described.

83. Defendant has been aware it failed to pay Plaintiffs and other Rule 23 class members all the wages owed him under the said unilateral contracts.

84. Defendant is liable to Plaintiffs and Rule 23 class members for all the unpaid wages

promised them.

**COUNT III**
**RULE 23 CLASS ACTION - UNJUST ENRICHMENT CLAIM**

85. Plaintiffs incorporate by reference all the preceding paragraphs as if fully rewritten herein.

86. Plaintiffs assert an unjust enrichment claim under Tennessee common law on the basis that Defendant failed to pay them a specific hourly rate of pay for all hours worked on its behalf, as previously described.

87. Defendant unjustly enriched itself by its failure to pay Plaintiffs and other Rule 23 class members specific hourly rates of pay for all work provided it, as previously addressed.

88. Defendant was aware it failed to pay Plaintiffs and other Rule 23 class members all the promised wages owed them.

89. Defendant's failure to pay Plaintiffs and other Rule 23 class members all the wages promised them made it inequitable and unjust.

90. Defendant is liable to Plaintiffs and other Rule 23 class members for the amount of money by which Defendant have enriched itself by its failure to pay Plaintiffs and other Rule 23 class members certain hourly rates of pay for all the work performed by them during all times material to this action.

**COUNT IV**
**RULE 23 CLASS ACTION – QUANTUM MERUIT**

91. Plaintiffs incorporate by reference all the preceding paragraphs as if fully rewritten herein.

92. Plaintiffs assert a quantum meruit claim under Tennessee common law on the basis that they and each member of the Rule 23 class provided valuable work services to Defendant

during all times material.

93. Defendant accepted the work services of Plaintiffs and Rule 23 class members and had reasonable notice that they expected to be paid for their work time spent on its behalf.

94. However, Plaintiffs and Rule 23 class members were not paid for their time spent working on behalf of Defendant.

95. The reasonable value of the work time Plaintiffs and Rule 23 members spent on behalf of Defendant is consistent with the wages promised them because Defendant benefitted to such degree or more from such work provided.

96. Defendant is liable to Plaintiffs and Rule 23 class members for the value of the unpaid work services they provided Defendant during all times material to this action.

## PRAYER FOR RELIEF

Whereas, Plaintiffs, individually, and/or on behalf of themselves and all others similarly situated, request this Court to grant the following relief against Defendant:

A. Promptly issue notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. For an Order finding Defendant liable under the FLSA for unpaid minimum wages and overtime compensation owed to Plaintiffs and potential plaintiffs, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs and potential plaintiffs;

C. For an Order finding that Defendant’s violations of the FLSA were willful.

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys’ fees and expert fees to FLSA Plaintiffs and potential plaintiffs.

E. For certification of and notice to the Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

F. An award of damages to Plaintiffs and Rule 23 class members for Defendant's breach of contract.

G. An award of damages to Plaintiffs and Rule 23 class members for Defendant's unjust enrichment.

H. An award of damages to Plaintiffs and Rule 23 class members against Defendant related to their quantum meruit claims.

I. An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs and Rule 23 class members; and

J. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Date: May 4, 2026.

Respectfully Submitted,

*s/J. Russ Bryant*__________________
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Landry Smith (TN BPR #43227)
**JACKSON, SHIELDS, HOLT,**
**OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*lsmith@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***
***AND POTENTIAL PLAINTIFFS***